IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40611
Summary Calendar

_____


JOSE INEZ GAMEZ,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Defendant-Appellee.


- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-93-CV-182
- - - - - - - - - - -
March 1, 1996
Before WIENER, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Josè Inez Gamez appeals from the district court's dismissal
of his petition for writ of habeas corpus, 28 U.S.C. § 2254.  He
argues that: 1) he was denied due process and his right against
self-incrimination when he was required to don a ski mask,
resembling the one worn during the commission of the crime, for
an in-court identification; 2) he was denied his Sixth Amendment
right to confrontation when the trial court limited his cross-
examination of Roberto Lopez, the accomplice and co-defendant,

---

        [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

and Reynaldo Ramirez, the individual shot in the robbery; 3) he was denied due process when the trial court instructed the jury that he could be convicted on a less culpable state of mind; 4) the trial was rendered fundamentally unfair and he was denied his right to confrontation when the trial judge allowed testimony of a law enforcement officer regarding an anonymous telephone call that led to his arrest; and 5) he was denied due process when the prosecutor made a statement that he had been incarcerated pending trial.

We have reviewed the arguments and the record and find no reversible error. Gamez was not denied due process when he was required to don a ski mask for an in-court identification. Gamez was not denied his right to confrontation when the trial court limited cross-examination of Roberto Lopez and Reynaldo Ramirez. The admission of Officer Rivera's testimony did not render the trial fundamentally unfair, nor did it deny Gamez the right to confrontation. Accordingly, we affirm these issues essentially for the reasons stated by the magistrate judge. Gamez was not denied his right against self-incrimination when he was required to don the ski-mask. *See Schmerber v. California*, 384 U.S. 757, 761 (1966); *United States v. Roberts*, 481 F.2d 892, 894 (5th Cir. 1973). He was not denied due process when the trial court instructed the jury on requisite state of mind. *See Henderson v. Kibbe*, 431 U.S. 145, 154 (1977); *Ex parte Bartmess*, 739 S.W.2d 51, 53 (Tex. Crim. App. 1987). He was not denied due process when the prosecutor, in the presence of the jury, stated that he

had been incarcerated pending trial.  *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986).

AFFIRMED.